### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIERSTON MARIE MOWDAY<br>123 Brandywine Drive<br>Coatesville, PA 19320 | : <br> : <br> : | CIVIL RIGHTS ACTION |
| vs. | : | No. 2:20-cv-4610 |
| PATRICK LILLY<br>PSP Embreeville<br>997 Lieds Road<br>Coatesville, PA 19320 | : <br> : <br> : <br> : | TRIAL BY JURY OF TWELVE |
| | : | DEMANDED |

### *COMPLAINT*

1. Plaintiff Kierston Marie Mowday is an adult individual who resides at 123 Brandywine Drive, Coatesville, PA 19320.

2. Defendant Patrick Lilly is an adult individual who is and has at all relevant times been employed as a trooper by the Pennsylvania State Police, and assigned to PSP Embreeville, 997 Lieds Road, Coatesville, PA 19320.

### *JURISDICTION AND VENUE*

3. The unreasonable seizure claims presented here arise under the Fourth and Fourteenth Amendments to the United States Constitution and are asserted pursuant to 42 U.S.C. § 1983. Accordingly, this Honorable Court has subject matter jurisdiction to adjudicate those claims pursuant to 28 U.S.C. § 1331. The Court has supplemental subject matter jurisdiction to

adjudicate the pendent state claims pursuant to 28 U.S.C. § 1367 (Supplemental jurisdiction authorized over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III, " including claims that involve the joinder of additional parties.)

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is the District where the defendant is employed, and because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## *FACTUAL ALLEGATIONS*

5. Defendant Lilly acted at all relevant times under color of state law.

6. On Sunday, September 1, 2019, plaintiff was operating her motor vehicle westbound on Strasburg Road in West Bradford Township, PA while defendant was operating his marked state police cruiser eastbound on Strasburg Road.

7. At or about 10:00 p.m. on that date, while plaintiff was operating her vehicle defendant decided to stop her vehicle for no valid or lawful reason.

8. Defendant used his vehicle's emergency lighting systems to stop her vehicle and detain her without reasonable suspicion or probable cause to

believe that she had committed any crime.

9. While she was detained at the scene after this unlawful stop, plaintiff was subjected to a series of roadside tests all or most of which she passed.

10. Notwithstanding the illegality of the stop and her performance on the roadside tests, she was arrested, handcuffed and taken in custody, without a warrant, to the PSP Embreeville barracks.

11. At the barracks she was compelled to submit to a chemical test of her breath which showed only that her breath was possibly over the legal limit due to the margin of uncertainty of the testing equipment.

12. Thereafter, plaintiff was released from custody and commanded to appear for court proceedings.

13. Trooper Lilly falsely claimed in his report and in various court filings that the vehicle stop was justified because defendant's headlight was out. That false claim was uncovered months later when the Mobile Video Recording of the events was finally produced in pretrial discovery.

14. On or about September 5, 2019 Trooper Lilly published a "NEWS RELEASE NARRATIVE" stating that plaintiff had been arrested for DUI.

15. On or about September 18, 2019, Trooper Lilly filed in the Chester County Courts an Affidavit of Probable Cause in which he swore that

the stop was justified because the plaintiff's headlight was out.

16.  Plaintiff was forced to expend substantial funds in order to retain counsel to defend against the charges that were filed against her.

17.  Plaintiff's counsel filed a Motion To Suppress challenging the legality of the stop, detention and arrest in Chester County Court.

18.  After reviewing the MVR, and confirming that Trooper Lilly had lied about the grounds for the stop, the state court prosecutor, ADA Karen Brindisi, dismissed the charges by the filing of a Nolle Prosse under state law on or about June 24, 2020.

19.  Plaintiff suffered great upset and anxiety throughout the nine months that these charges were pending. Further, she suffered enhanced upset when she learned that a public announcement of these charges was made by defendant.

## COUNT 1 - Section 1983

20.  On September 1, 2019, plaintiff was stopped, detained and arrested without proper cause, and unreasonably seized without a warrant or probable cause to believe that she had committed any offense.

21.  Defendant acted under color of state law while violating the plaintiff's constitutional rights. Defendant violated plaintiff's right to be free

from unreasonable seizure protected by the Fourth Amendment, as made applicable to the Commonwealth of Pennsylvania's agents like defendant pursuant to the Fourteenth Amendment.

22. The conduct of defendant Lilly caused, and will continue to cause in the future, serious injuries and losses as set forth above.

23. Defendant falsely charged plaintiff with criminal offenses, for which she will always be subject to inquiry. Further plaintiff was forced to expend significant sums for attorneys fees to defend against these charges, and suffered potentially serious damage to her reputation.

25. The conduct of defendant in making false statements to justify his conduct and the charges he filed was outrageous, and warrants an award of punitive damages.

WHEREFORE, plaintiff demands compensatory and punitive damages from defendant Lilly in an amount not in excess of $100,000, plus such other and further relief as this Court deems just.

### *COUNT 2 - Malicious Prosecution*

26. Defendant's conduct as aforesaid constituted the state tort of malicious prosecution because defendant instituted proceedings against the plaintiff, without probable cause and with malice, and the proceedings terminated in favor of the plaintiff.

27.   Defendant's conduct constituted wilful misconduct beyond and outside of his authority as a state employee, and so defendant is not subject to any state created immunity for his misconduct.

28.   Defendant's conduct was outrageous and warrants an award of punitive damages.

WHEREFORE, plaintiff demands judgement against defendant for compensatory and punitive damages in an amount not in excess of $100,000, plus such other and further relief as this Court deems just.

### COUNT 3 - Attorneys fees and Costs

29.   Plaintiff is entitled to an award of attorneys fees and costs pursuant to 42 U.S.C. § 1988 when and as she is a prevailing party herein.

WHEREFORE, plaintiff demands judgement against defendant for attorneys fees and costs of litigation.

Respectfully submitted,
*law offices of*
JOSEPH P. GREEN, JR.
*a professional corporation*

s/ Joseph P. Green, Jr.

Dated: September 21, 2020        By:_____
Joseph P. Green, Jr.

138 West Gay Street
West Chester, PA 19380
610/692-0500
PA ID No. 32604

7